Sept. 1839.

Jewett
and others
v.
The Albany
City Bank
and others.

JEWETT and others *vs.*

THE ALBANY CITY BANK and others.

An order to close proofs will not be extended, unless upon good cause shewn.

When a party knows that a particular witness upon the other side will be examined, and knows what the substance of his testimony will be, and has had an opportunity to examine his own witnesses as to the same facts, but neglects to examine them, the order for examination of witnesses will not be extended to enable him to introduce testimony, to explain or avoid the effect of the testimony of such witness after it has been taken.

*H. R. Selden,* for complainants.

*H. H. Martin,* for Bank.

THE VICE CHANCELLOR. The order to close proofs in this cause was entered on second September, instant. On the 31st day of August, while the order to produce witnesses was still in force, the counsel for the respective parties appeared before me, the counsel for the defendants to obtain further time to produce witnesses, and the counsel for the complainants to oppose the granting of such further time; and verbal and contradictory statements were made as to the facts upon which the application was founded and resisted. At my suggestion the hearing was postponed until the facts could be presented in the shape of affidavits. The matter came on this day upon the affidavits read in behalf of, and in opposition to, the application; but in making the decision under the circumstances, it should be made as if the application were made to extend the time for closing the proofs, rather than upon an application to open

8

Sept. 1839.

Jewett
and others
v.
The Albany
City Bank
and others.

the order after proofs are closed. And I shall so consider it. I have always understood that the order to close proofs should not be extended, except upon good cause shewn.

The papers in this cause do not seem to me to furnish any such good cause. The defendants had an opportunity to examine every witness whom they now wish to examine. The evident object of the application is to introduce testimony to explain or avoid the effect of Mr. Schermerhorn's testimony. The defendants were informed that Mr. Schermerhorn would be examined. As he had sworn to the truth of the facts set forth in the bill, the defendants could easily anticipate what his testimony would be, as it had in substance before been given. And having had the opportunity to examine witnesses, they should have improved it.

The motion must be denied; but under the circumstances the costs may abide the final determination of the suit.

NOTE.—This opinion was given rather as a certificate of the circumstances attending the application, than as an extended opinion upon the merits of the application, and would not now be published, except in consequence of its connection with subsequent proceedings in the same cause.